[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2008
THOMAS K. KAHN
CLERK

No. 07-14743
Non-Argument Calendar
_____

D. C. Docket No. 07-10015-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN FABIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 16, 2008)**

Before BIRCH, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Damian Fabian appeals his thirty-four-month sentence imposed after

pleading guilty to possession of a fraudulent document, in violation of 18 U.S.C. § 1546(a) ("Count 1"), and aggravated identity theft, in violation of 18 U.S.C. § 1028A ("Count 2"). We affirm.

## I. BACKGROUND

On July 19, 2007, Fabian pled guilty to violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 1028A without a plea agreement. He had completed an I-9 employment eligibility verification form to become employed at Sauer, Inc., for a construction project at the United States Naval Air Station in Key West, Florida ("NAS"). Fabian certified that he was eligible to work in the United States by submitting a Social Security card. To work at the NAS, he was required to obtain an identification badge from the NAS security office. Fabian submitted his Social Security card as identification to the security office. Because the authenticity of the card appeared questionable, a check of his immigration records was conducted. The review revealed that Fabian was an unlawful alien with an outstanding March 17, 2006, order of removal to Mexico. Additionally, although Fabian's purported Social Security number was valid, it did not belong to him.

Concerning Count 1, Fabian's Presentence Investigation Report ("PSI") shows a base offense level of 8. He received a two-level increase because he is an unlawful alien who was deported prior to this crime. His PSI also shows a two-

2

level reduction for acceptance of responsibility. Fabian was assigned a criminal history category of II. Based on a total offense level of 8 and a criminal history category of II, the Sentencing Guidelines imprisonment range was four to ten months. Additionally, Count 1 includes a statutory penalty of zero to ten years of imprisonment. 18 U.S.C. § 1546(a). Count 2 contains a mandatory statutory penalty of two years of imprisonment to be served consecutive to any other sentence. 18 U.S.C. § 1028A(a)(1). Fabian's counsel did not object to the PSI.

During the sentencing hearing, Fabian told the district judge that he had used the fraudulent Social Security card only to obtain work in the United States. He stated that he chose the fraudulent Social Security number at random and that he had no intention of stealing anyone's identity. Fabian's counsel requested that the judge consider imposing a sentence at the low end of the Sentencing Guidelines for Count 1, since Fabian was in the United States to work. The district judge said that he had considered the statements of Fabian, the PSI, and the statutory factors. He sentenced Fabian to ten months of imprisonment for Count 1 and twenty-four months of imprisonment for Count 2 to run consecutively, yielding a total sentence of thirty-four months of imprisonment.

On appeal, Fabian's counsel challenges the reasonableness of his ten months of imprisonment on Count 1. He contends that 18 U.S.C. § 3553(a) mandates a

sentence "sufficient, but not greater than necessary" to achieve the sentencing goals of punishment, deterrence, and rehabilitation.  Id.  Fabian's appellate argument is that the sentence imposed by the district judge is unreasonable because it is greater than necessary to achieve the stated goals and, therefore, should be vacated.

## II. DISCUSSION

We review a sentence imposed by a district judge for reasonableness in view of the 18 U.S.C. § 3553(a) factors.  United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005) (per curiam).  When reviewing for reasonableness, the Supreme Court has clarified that we are to apply the deferential abuse-of-discretion standard.  Gall  v. United States, 552 U.S. ___, __, 128 S.Ct. 586, 591 (2007).  If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Id., 552 U.S. at ___, 128 S.Ct. at 597; see United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006) ("After Booker, a sentence may be reviewed for procedural or substantive unreasonableness.").

Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley,

4

431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The district judge need not state on the record that he or she has explicitly considered each factor and need not discuss each factor; acknowledgment of considering the "defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. at 786. The weight accorded to the § 3553(a) factors is within the sentencing judge's discretion. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

We have rejected the argument that a sentence within the Sentencing Guidelines is *per se* reasonable. Talley, 431 F.3d at 787. The district judge may choose from a range of sentences within the Sentencing Guidelines, which we ordinarily expect to be reasonable. Id. at 788. When considering whether a defendant's sentence is reasonable, we have compared the sentence actually imposed to the statutory maximum. Winingear, 422 F.3d at 1246.

Fabian is not challenging his sentence on procedural grounds; he appeals only the substantive reasonableness of his sentence. Additionally, Fabian is not appealing the reasonableness of his mandatory consecutive sentence of twenty-four months imposed for Count 2. His sole issue on appeal is the reasonableness of his ten-month sentence for Count 1.

Fabian has failed to meet his burden of establishing that his sentence is unreasonable, and the district judge did not abuse his discretion by imposing a ten-

5

month sentence for Count 1. Defense counsel's argument on appeal is that a lower sentence would have been adequate to meet the § 3553(a) factors of punishment, deterrence, and rehabilitation. Nonetheless, he fails to cite anything in the record or any case law to support his argument. The basis of his argument appears to be statements requesting a sentence at the low end of the Sentencing Guidelines range that he made at the sentencing hearing, because Fabian did not intend to steal anyone's identity and had used the fraudulent Social Security card only to work in the United States.

The district judge stated that he had considered Fabian's statements and the statutory factors in reaching his sentencing decision. Defense counsel has failed to cite any evidence from the record or legal authority that would support his claim that the district judge abused his discretion in weighing Fabian's statements and the statutory factors. Significantly, Fabian's sentence was within the Sentencing Guidelines. We also compare the sentence actually imposed to the statutory maximum in reviewing reasonableness. <u>Winingear</u>, 422 F.3d at 1246. Fabian's ten-month sentence for Count 1 is significantly lower than the potential ten-year, statutory maximum. We conclude that the district judge did not abuse his discretion in determining Fabian's sentence.

6

### III. CONCLUSION

Fabian has appealed his ten-month sentence on Count 1 for fraudulently possessing a Social Security card that he used to prove his identity for a job requiring security clearance. As we have explained, Fabian has failed to meet his burden of establishing that his sentence was unreasonable. Because his sentence was within both the Sentencing Guidelines and the statutory range, the district judge did not abuse his discretion by sentencing Fabian to ten months of imprisonment on Count 1 for a cumulative total of thirty-four months of imprisonment. Accordingly, Fabian's sentence is **AFFIRMED.**